UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| VICTOR J. STITT, II, ) | |
| ) | Case Nos. 4:21-cv-15; 4:12-cr-19 |
| *Petitioner,* ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent.* ) | |
| ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 4:21-cv-15; Doc. 167 in Case No. 4:12-cr-19). For the following reasons, Petitioner's motion will be **DENIED**.

**I.    BACKGROUND**

Petitioner was arrested in 2011 after a physical altercation with his girlfriend, Rebecca Hostetler. In 2014, a jury convicted Petitioner of one count of knowingly possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (*See* Doc. 92 in Case No. 4:12-cr-19.) He was sentenced to 290 months' imprisonment and four years of supervised release. (Doc. 133 in Case No. 4:12-cr-19.) Petitioner was sentenced as an armed career criminal based on six prior Tennessee convictions for aggravated burglary. (Doc. 100, at 6–9, in Case No. 4:12-cr-19.)

Petitioner appealed his conviction and sentence, challenging (1) venue in the Eastern District of Tennessee; (2) the district court's denial of his motion to suppress, and (3) his status as an armed career criminal. (Doc. 166 in Case No. 4:12-cr-19; Doc. 138 in Case No. 4:12-cr-19.) A three-judge panel of the Sixth Circuit affirmed Stitt's conviction and sentence. *United*

*States v. Stitt*, 637 F. App'x 927, 928 (6th Cir. 2016) (hereinafter *Stitt I*). Petitioner then moved for rehearing en banc, which the Sixth Circuit granted. (*See* Doc. 141 in Case No. 4:12-cr-19.) The en banc court reversed and vacated Petitioner's sentence on the grounds that Tennessee aggravated burglary did not qualify as a violent felony under the Armed Career Criminal Act ("ACCA"). *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc) (hereinafter *Stitt II*). The Supreme Court of the United States subsequently granted the Government's petition for a writ of certiorari and reversed the Sixth Circuit's en banc ruling. *United States v. Stitt*, 139 S. Ct. 399 (2018) (hereinafter *Stitt III*). The Sixth Circuit panel then reissued its ruling as to Petitioner's venue and suppression arguments and affirmed his ACCA designation and sentence enhancement. *United States v. Stitt*, 780 F. App'x 295, 301 (6th Cir. 2019) (hereinafter *Stitt IV*). Petitioner again moved for rehearing en banc, but his petition for rehearing was denied. (Doc. 152 in Case No. 4:12-cr-19.) His subsequent petition for writ of certiorari was also denied on March 31, 2020. (Doc. 160 in Case No. 4:12-cr-19.)

On March 31, 2021, Petitioner filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1 in Case No. 4:21-cv-15; Doc. 167 in Case No. 4:12-cr-19). In his motion, he argues that (1) his offense must be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019); (2) he received ineffective assistance of counsel; and (3) his Tennessee aggravated-burglary convictions do not qualify as ACCA predicate offenses. (*See* Doc. 1, at 1, in Case No. 4:21-cv-15.) The Government has responded, and Petitioner's motion is ripe for review.

**II.    STANDARD OF REVIEW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

2

fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a

petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the Government offers nothing more than contrary representations, the petitioner is entitled to a hearing. *Id*.

### III. 28 U.S.C. § 2255 MOTION

#### A. Timeliness of Petitioner's § 2255 Motion

The Government notes that Petitioner's § 2255 motion is untimely because he filed the motion one day after the statute of limitations in § 2255(f) expired. (Doc. 6, at 4–5, in Case No. 4:21-cv-15.) The Government is technically correct as to its timeliness argument, and that alone is a sufficient basis on which to deny Petitioner's motion. However, because Petitioner's motion is only untimely by one day, the Court will explain why the motion should be denied on its merits.

#### B. *Rehaif* Argument

Petitioner argues that his 18 U.S.C. § 922(g)(1) conviction should be vacated in light of the Supreme Court's decision in *Rehaif* because the jury in Petitioner's case was not instructed to find as an element that Petitioner knew he was a convicted felon at the time he possessed the firearm. (Doc. 1, at 6–10, in Case No. 4:21-cv-15.) The Government responds that this claim is procedurally defaulted and meritless. (Doc. 6, at 5–10, in Case No. 4:21-cv-15.)

##### i. Retroactivity

Petitioner has not established that *Rehaif* can be the basis for a retroactive challenge to his conviction and sentence. Although the Sixth Circuit has not yet addressed the issue, courts of

4

appeals for other circuits and several district courts in the Sixth Circuit have concluded that *Rehaif* is not retroactively applicable on collateral review. *See, e.g.*, *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review."); *United States v. Burley*, No. 3:14-CR-122, 2020 WL 2126682, at *1 (N.D. Ohio May 5, 2020) (collecting cases). The Court agrees with the many other courts finding that *Rehaif* has not been made retroactive. Petitioner's *Rehaif* claim is therefore not cognizable under § 2255.

### ii. Procedural Default

Even if *Rehaif* were retroactively applicable, Petitioner's *Rehaif* argument is procedurally defaulted. Issues not raised on appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Petitioner did not appeal his conviction and, thus, did not raise the objection on direct appeal that he lacked knowledge of his status as a felon. *See United States v. Wooden*, 945 F.3d 498, 506 (6th Cir. 2019) (finding that raising this objection on direct appeal would not have been futile and that the objection was not unavailable to the petitioner); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998) ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." (internal quotation marks and citations omitted)). Thus, Petitioner's claim is procedurally defaulted.

A court may excuse a procedural default and consider a claim on its merits if a petitioner can make a threshold showing that he was "actually innocent," *Smith v. Murray*, 477 U.S. 527, 537 (1986)—*i.e.*, that it was "more likely than not that no reasonable juror would have convicted him" had the jury been properly instructed and the parties been given the opportunity to present

the relevant evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In this case, the question is whether the Government would have been able to put forward evidence such that a reasonable juror would have concluded Petitioner was aware of his status as a felon when he possessed a firearm. At the time of his trial, Petitioner had the following prior felony convictions: (1) six Tennessee convictions for aggravated burglary; (2) two Tennessee convictions for facilitation of aggravated burglary; (3) one Tennessee conviction for attempted aggravated burglary; and (4) three Tennessee convictions for sale of marijuana. (Doc. 100, at 6–11, in Case No. 4:12-cr-19.) Petitioner also stipulated to his status as a convicted felon at trial. (*See* Doc. 133, at 125–26, in Case No. 4:12-cr-19; Doc. 137, at 7, in Case No. 4:12-cr-19.) As a result, a reasonable juror would likely have found that he was aware of his status as a felon, and he cannot make a threshold showing of actual innocence. Accordingly, the procedural default is not excused.

### iii. Merits

Finally, the Court notes that Petitioner's previous felony convictions and stipulation to his status as a convicted felon also provide strong evidence that his *Rehaif* claim—even if it were not procedurally defaulted—is meritless because the failure to instruct the jury as to the awareness-of-status element was harmless error, rather than an error of "constitutional magnitude" or one that would render his trial invalid. *See Short*, 471 F.3d at 691; *see also Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000) (noting that, on collateral review, a petitioner must show that any error had a "substantial and injurious effect or influence in determining the jury's verdict").

### C. Ineffective Assistance of Counsel

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the

profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Therefore, the Court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Petitioner argues that his trial counsel was ineffective for: (1) failing to "properly investigate the facts and surrounding circumstances of his case"; (2) failing to adequately object to statements of Amanda Skidmore and Stephanie Lowrey at trial; (3) failing to object to expert testimony by Special Agent Jason Reeves; and (4) failing to file a sentencing memorandum. (Doc. 1, at 10–13, in Case No. 4:21-cv-15.) None of these claims entitle Petitioner to relief.

### i. Failure to Investigate

With regard to his failure-to-investigate claim, Petitioner argues that his mother and stepfather were present for his arrest and "could have corroborated the defense theory that [he] did not possess a firearm." (*Id.* at 11.) Petitioner, however, does not allege what particular testimony either of these parties would have provided. (*See id.*) Further, as the Government

points out, Petitioner's mother testified at the suppression hearing and *did not* claim to be present for the arrest. (*See* Doc. 87 in Case No. 4:21-cv-15.) Moreover, the Government presented a witness at trial who testified that Petitioner's mother was not present for the arrest. (*See* Doc. 133, at 15–16, in Case No. 4:21-cv-15.) Petitioner's bare assertion that his mother and stepfather were present for the arrest or that they could have corroborated his theory of defense is insufficient to warrant an evidentiary hearing. *See Martin*, 889 F.3d at 832. Petitioner has failed to establish that he was prejudiced by counsel's decision not to call Petitioner's mother or stepfather as witnesses or that counsel's performance fell below an objective standard of reasonableness.

> ii. *Failure to Adequately Object to Trial Testimony*

Petitioner next argues that his counsel was ineffective for objecting too slowly to Amanda Skidmore's hearsay testimony that Petitioner's girlfriend, Rebecca Hostetler, told her that Petitioner possessed a firearm. (Doc. 1, at 11, in Case No. 4:21-cv-15.) At trial, Skidmore testified, "I asked [Hostetler], I was like, does he really have a gun and she said yes." (Doc. 133, at 49, in Case No. 4:12-cr-19.) As soon as Skidmore uttered this statement, Petitioner's trial counsel objected, and the Court sustained the objection. (*Id.*) Petitioner claims that the curative instruction given by the Court was "too little too late." (Doc. 1, at 11, in Case No. 4:21-cv-15.) But Petitioner does not support this assertion. And courts "normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987). Here, Petitioner has not shown that there was an overwhelming probability that the jury would not be able to disregard the hearsay

evidence as instructed, nor has he shown that the evidence had a devastating effect on his case, especially given that Hostetler herself had already testified that Petitioner had a firearm.  (*See* Doc. 133, at 23, in Case No. 4:12-cr-19.)  Accordingly, Petitioner has not shown that he was prejudiced by the timing of this objection, and this argument is not a basis for relief.

Petitioner also contends that his trial counsel was ineffective for failing to object more forcefully to hearsay by another witness, Stephanie Lowery.  (Doc. 1, at 12, in Case No. 4:21-cv-15.)  But counsel twice objected to Lowery's testimony that another individual, Josh Stanley, told her that he had given Petitioner the gun.  (Doc. 133, at 69–70, in Case No. 4:12-cr-19.)  Counsel only neglected to raise a hearsay objection when the Government specifically asked Lowery to tell her what Petitioner said concerning how he came into possession of the gun—cautioning her that "you can't tell me what anybody else said"—because the parties agreed that any statement from Petitioner himself would be admissible as a statement against interest under Federal Rule of Evidence 801(d)(2)(A).  (*Id.*)  Petitioner has not demonstrated that counsel's conduct with regard to Lowery's testimony fell below an objective standard of reasonableness or prejudiced his case.

### iii. *Failure to Object to Expert Testimony*

Petitioner further argues that counsel should have questioned the qualification of ATF Special Agent Jason Reeves as an expert witness and the foundation of his conclusions.  (Doc. 1, at 12, in Case No. 4:21-cv-15.)  But Petitioner has not established that such questioning would have resulted in the exclusion of any testimony.  Additionally, as Plaintiff concedes, counsel did raise an issue with respect to Reeves's testimony on cross examination.  (*See* Doc. 133, at 124, in Case No. 4:12-cr-19 (Reeves admitting, in response to counsel's cross examination, that he had

not tested the weapon).) Petitioner has again failed to show that counsel's conduct prejudiced the outcome of his trial. Accordingly, this argument fails.

### iv. Failure to File a Sentencing Memorandum

Lastly with regard to his trial counsel, Petitioner asserts that his counsel was ineffective for failing to file a sentencing memorandum. (Doc. 1, at 13–14, in Case No. 4:21-cv-15.) Petitioner represents that the family history in the presentence investigation report could have been supplemented with additional mitigating factors if counsel had employed his private investigator to obtain more information. (*Id.*) Counsel did file objections to the presentence report, devoting most of his argument to disputing Petitioner's designation as an armed career criminal. (Doc. 101 in Case No. 4:12-cr-19.) Counsel also argued at sentencing that Petitioner should not be sentenced as an armed career criminal, that the guidelines were "harsh" for a young man like Petitioner, and requested a sentence at the bottom of the guidelines. (Doc. 136, at 18–19, in Case No. 4:12-cr-19.) The parties also discussed Petitioner's criminal history, and the Government emphasized the quantity and violent nature of Petitioner's previous offenses. (*Id.* at 19.) After hearing argument and Petitioner's allocution, the sentencing judge stated that a sentence "in the middle of the guidelines range" was "called for by both the nature and circumstances of this offense and [Petitioner's] history and characteristics." (*Id.*)

As other courts have pointed out, the failure to file a sentencing memorandum is not *per se* ineffective assistance. *See United States v. Jennings*, No. 2:11–7157–DCR, 2011 WL 3046319, at *3 (E.D. Ky. July 25, 2011) (collecting cases). And, here, Petitioner has not identified any mitigating information that an investigator was likely to uncover with regard to Defendant. The Court therefore cannot conclude that counsel's failure to provide a sentencing memorandum amounted to ineffective assistance of counsel. *See id.* ("[B]y failing to point to

specific evidence that was not brought to the Court's attention, [Petitioner] has failed to show prejudice resulting from his attorney's conduct.").

### D. ACCA Argument

Petitioner's final claim for relief is that convictions for aggravated burglary under Tennessee Code Annotated § 39-14-402(a) can be committed with a mens rea of recklessness as to the purpose for entering the building, and such convictions therefore do not qualify as ACCA predicate offenses. (Doc. 1, at 14–17, in Case No. 4:21-cv-15.) As a preliminary matter, this claim is procedurally defaulted because Petitioner did not raise it on direct appeal. However, even if the claim were not procedurally defaulted, it fails.

The ACCA mandates that a criminal defendant who violates 18 U.S.C. § 922(g)(1) and has three prior convictions for "violent felonies" must be sentenced to a minimum of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). The Act defines "violent felony" as:

> Any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B)(i)–(ii). Subsection (i) is known as the "elements clause" or "use-of-physical-force clause." *See United States v. Smith*, 881 F.3d 954, 956 (6th Cir. 2018). Subsection (ii) includes the "enumerated-offense clause" ("is burglary, arson, or extortion, involves the use of explosives") and the "residual clause" ("or otherwise involves conduct that presents a serious potential risk of physical injury to another"). *See id.* at 956–57. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause is unconstitutionally vague.

*Id.* at 2563 ("imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process"). Therefore, for a sentence to be constitutionally enhanced under § 924(e)(1), it must be based on prior convictions that qualify as violent felonies under the enumerated-offense clause or the use-of-physical-force clause.

To determine whether a prior conviction qualifies as a violent felony under the ACCA, a court begins with the "categorical approach." *See Descamps v. United States*, 570 U.S. 254, 257 (2013). Under the categorical approach, "[s]entencing courts may 'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions'" to determine whether a particular offense qualifies as an ACCA predicate. *Id.* at 261 (emphasis in original) (quoting *Taylor v. United States*, 495 U.S. 575, 600–02 (1990)). Because burglary is an enumerated offense, Petitioner's Tennessee aggravated-burglary convictions are evaluated under the enumerated-offenses clause. An offense qualifies as a violent felony under the enumerated-offenses clause if the statute's elements "are the same as, or narrower than, those of the generic offense"—"*i.e.*, the offense as commonly understood." *Id.* at 257. If the least of the acts criminalized by the statute of conviction falls outside the generic definition of the crime, then that offense does not qualify as a violent felony. *See Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013) ("Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized[.]" (citations omitted)).

Controlling Sixth Circuit precedent holds that "an aggravated-burglary conviction under Tennessee law categorically counts as burglary under the Supreme Court's generic definition and so falls within the Armed Career Criminal Act." *United States v. Brown*, 957 F.3d 679, 682 (6th

Cir. 2020) (citing *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007) (holding that the Tennessee aggravated burglary qualifies as generic burglary under the ACCA)). Although the en banc decision in this case briefly called this into question, the Sixth Circuit has conclusively held since the Supreme Court's decision in *Stitt IV*, that convictions under every subsection of Tennessee's aggravated-burglary statute are violent felonies under the ACCA. *See Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019) ("*Nance*'s holding . . . is once again the law of this circuit."); *see also Lurry v. United States*, 823 F. App'x 350, 355 (6th Cir. 2020) ("Simply stated, this court's precedent after [*Stitt IV*] forecloses [Petitioner's] arguments that his prior Tennessee convictions do not qualify as violent felonies under the ACCA."); *United States v. Tigue*, 811 F. App'x 970, 975 (6th Cir. 2020) ("*Brumbach* closed the book on Tennessee aggravated burglary by holding, in a published opinion, that *Nance* once again controls.") Petitioner acknowledges the state of the law in this circuit but nonetheless asks the Court to vacate his sentence on grounds foreclosed by binding precedent, apparently in an effort to present the court of appeals with an opportunity to overturn *Brumbach* en banc. (*See* Doc. 1, at 14–17, in Case No. 4:21-cv-15 (noting that "*en banc* review is the only way the Sixth Circuit can review any challenge to the use of a Tennessee aggravated burglary conviction as a 'violent felony'").) The Court cannot and will not rule in Petitioner's favor in the face of binding precedent to the contrary. Consequently, Petitioner's ACCA claim fails.

IV. **CONCLUSION**

The record before the Court conclusively shows that Petitioner is not entitled to relief. Accordingly, an evidentiary hearing is unnecessary. *See Martin*, 889 F.3d at 832. Petitioner's § 2255 motion (Doc. 1 in Case No. 4:21-cv-15; Doc. 167 in Case No. 4:12-cr-19) is **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**